# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

_____

No. 99-1237

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Savino Capuchino Aguilar, | * | [UNPUBLISHED] |
| | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 29, 1999
Filed: October 13, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

A jury found Savino Aguilar guilty of three counts of distributing methamphetamine within 1000 feet of an elementary school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a); one count of possessing methamphetamine with intent to distribute within 1000 feet of an elementary school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 860(a); and one count of conspiring to distribute methamphetamine within 1000 feet of an elementary school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 860(a).

On appeal, Aguilar argues that the district court erred in allowing the testimony of several witnesses who testified pursuant to cooperation plea agreements. He alleges that the testimony should have been suppressed because the federal anti-bribery law forbids the giving of anything of value in exchange for testimony. 18 U.S.C. § 201(c)(2). A plea arrangement offered in exchange for testimony does not violate 18 U.S.C. § 201(c)(2), for the anti-bribery statute "does not sweep so broadly as to prevent prosecutors from offering leniency to an individual in exchange for truthful testimony." United States v. Johnson, 169 F.3d 1092, 1098 (8th Cir. 1999), petition for cert. filed, ---U.S.L.W.--- (U.S. June 15, 1999) (No. 98-9870).

Aguilar also contends that the district court erred in calculating his offense level by assessing two levels for possession of a dangerous weapon and three levels for managing or supervising criminal activity that involved five or more participants. See U.S.S.G. § 2D1.1(b)(1); § 3B1.1(b) (1998). The district court's findings of fact will be reversed only if clearly erroneous. See Koon v. United States, 518 U.S. 81, 97 (1996). We find that the government presented sufficient evidence that Aguilar used the residence where the firearms were seized to store and sell methamphetamine. See United States v. McCracken, 110 F.3d 535, 541 (8th Cir. 1997) (upholding dangerous weapons enhancement based on constructive possession). In addition, we hold that the government proved sufficiently that Aguilar employed others to transport money and methamphetamine. See United States v. Garrison, 168 F.3d 1089, 1095-96 (8th Cir. 1999) (finding enhancement proper if defendant supervised only one other participant in criminal activity that involved five or more participants).

Accordingly, we affirm the judgment of the district court.

A true copy.

   Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.